The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, AR 72702-1048
Dear Senator Malone:
This is in response to your request for an Attorney General's opinion on four questions. Your questions will be restated and addressed in the order posed.
Your first question is:
 May the employee of another county office be commissioned as a member of the Sheriff's Posse?
By letter, dated May 17, 1994, you indicate that in question one you are referring to "auxiliary" or "part time law enforcement officers" pursuant to A.C.A. 12-9-301, and not to a "posse."
You have specifically asked whether a county employee's service as an auxiliary or part time law enforcement officer would violate 14-14-1202(c)(1) of the Arkansas Code. You note that they are sometimes paid by the county for their services. According to 12-9-301, an auxiliary law enforcement officer receives "no salary or wages for the performance of any duties," while a part time law enforcement officer does receive a salary.
In pertinent part, 14-14-1202(c)(1) prohibits a county employee or officer from accepting or receiving any property, money or any other thing of value for his use or benefit in connection with any contract or transaction of a county. In my opinion, this statute does not apply to county employees accepting paychecks from the government, but rather to contracts that the county has entered into with other entities. In the latter situation, it would be a violation of the statute for a county employee to receive anything of value in connection with that contract. In my opinion, therefore, service on a sheriff's "auxiliary" by a county employee would not violate 14-14-1202. It is also my opinion, that service by a county employee as a "part time law enforcement officer" and payment for that service by the county would not violate this statute.
Your second question is:
 May the Sheriff, as an independently elected executive official, have additional personnel policies within the department which are in addition to or in conflict with the general county personnel policies? Specifically, may the sheriff have a policy within his department that no employee may serve as a deputy sheriff (either as a full time deputy or commissioned as a member of the posse) while also serving as an employee of another county department or agency? May he also prohibit regular deputies or a posse member from performing private security services?
This office has previously opined that elected county officials, such as sheriffs, may develop their own personnel policies with regard to the hiring of employees. See, e.g., Opinion No. 87-82, citing Amendment 55, 3 to the Arkansas Constitution (copy enclosed). Additionally, it should be noted that although the quorum court is given authority to establish general policies governing employee practices, including vacation and sick leave policies, office hour policies, and nepotism policies, these policies must be general in nature and apply uniformly to all employees of the county. A.C.A.14-14-805(2). The day-to-day administrative responsibility of each county office rests within the discretion of the county elected officials. See also Op. Att'y Gen. 86-387 (copy enclosed) (opining that sheriff has sole authority to promote or demote sheriff's deputies).
Your third question is:
 Does the sheriff have complete discretion as to who he will commission as a member of the (sheriff's auxiliary) other than reasons which might violate federal or state constitutional law?
Sections 12-9-301 to -308 of the Arkansas Code comprise the subchapter pertaining to auxiliary law enforcement officers. According to 12-9-306, a political subdivision is given the authority to appoint auxiliary law enforcement officers. A political subdivision is defined as "any county, municipality, township, or other specific local unit of general government." A.C.A. 12-9-301(4) (1987). Later in the subchapter, however, at A.C.A. 12-9-304(f) and (g), the Code refers to the "appointing law enforcement agency," and to the power of such agencies to establish qualifications for the appointment of auxiliary officers. It may thus be reasonably concluded that with regard to counties, the sheriff is the appointing authority.
While the above statutes give the sheriff authority to appoint auxiliary police officers, there are restrictions. Section12-9-306 restricts the number of auxiliary law enforcement officers to be appointed. Also, the minimum standards for appointment and training requirements must be completed before one can be appointed as an auxiliary law enforcement officer. A.C.A 12-9-304 (1987). The minimum selection and training standards for admission to appointment as an auxiliary law enforcement officer are established by the Commission.[1]
A.C.A. 12-9-302(3) (1987). A law enforcement agency may, however, establish "qualifications and standards for appointing and training of auxiliary law enforcement officers that exceed those set by this subchapter or by the Commission." A.C.A. 12-9-304(g) (1987). In addition, the Commission has the power to promulgate rules and regulations for the administration of the subchapter pertaining to auxiliary law enforcement officers.[2] A.C.A. 12-9-302 (1987). It is my opinion, therefore, that the sheriff does not have complete discretion in appointing Auxiliary Law Enforcement Officers.
Your fourth question is:
 May a case coordinator (who is paid by the county) of a circuit judge (who is a state official) receive pay from the prosecuting attorney (who is also a state official) via the prosecuting attorney's hot check fund (which the prosecuting attorney is allowed to maintain as a separate fund in the prosecuting attorney's office per state law)?
Section 16-13-219 of the Arkansas Code addresses payment of circuit court expenses by the county. I assume that the case coordinator is paid by the county for the circuit court duties under this statute. The prosecuting attorney is authorized to collect fees from persons issuing hot checks, and is required to deposit such fees in a separate fund to be administered by the prosecuting attorney. See A.C.A. 21-6-411(a) and (d) (1987). Pursuant to 16-21-120, expenditures from the hot check fund shall be at the sole discretion of the prosecuting attorney, but may be used only to defray the salaries and expenses of the prosecuting attorney's office. Additionally, the prosecuting attorney is required to report annually to the quorum courts of each county in his district, all receipts and disbursements from the hot check fund. A.C.A. 16-21-120(c) (1987). You have not indicated what services the case coordinator provides to the prosecuting attorney. Without more facts, therefore, I am unable to reach a definite answer to your question. The prosecutor may not, however, simply supplement the case coordinator's salary for his or her duties as such, as this salary is to be funded by the county treasury. See A.C.A. 16-13-219(a). Any payments to the case coordinator from the prosecuting attorney's hot check fund would have to be made in accordance with the restrictions placed upon the fund by A.C.A. 16-21-120.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:ddm/cyh
Enclosures
[1] Commission means the Governor's Commission of Law Enforcement Standards and Training as established by 12-9-103. A.C.A. 12-9-301 (1987).
[2] See A.C.A. 12-9-302 (1987) (additional powers and duties of the Commission with regard to Auxiliary Law Enforcement Officers).